Dear Representative Pinac:
You have asked for an opinion on whether in the case of HAZMAT incidents, companies who have caused the incident be billed for materials and their time by volunteer fire departments.
A volunteer fire department is defined as a voluntary organized fire company which possesses, in serviceable condition for fire duty, apparatus and equipment having a total value of five thousand dollars or more. A voluntary organization means that the volunteers are not paid for their services.
LSA-R.S. 33:1974 states that:
 A. Any fire department of a parish, municipality, or fire protection district, and any volunteer fire department shall have the authority to charge any person causing or contributing to a discharge of a hazardous or nonhazardous material or substance the extraordinary expenses associated with the following:
 1. Undertaking any remedial actions necessary to contain, abate, clean up, restore, or remove the discharge.
 2. Fighting a fire if such extraordinary expenses were incurred due to the presence of the material or substance which has been discharged.
 B. The governing authority of any fire department of a parish, municipality, or fire protection district, and any volunteer fire department may charge an owner of immovable property onto or into which a hazardous or nonhazardous material or substance has been discharged the extraordinary expenses associated with the following if the property owner's negligence in complying with applicable laws, regulations, and fire codes with respect to the material or substance which has been discharged was a cause in fact of such expenses:
 1. Undertaking any remedial actions necessary to contain, abate, clean up, restore, or remove the discharge.
 2. Fighting a fire if such extraordinary expenses were incurred due to the presence of the material or substance which has been discharged.
LSA-R.S. 30:2015 states that:
 D. The monies in the Environmental Trust Fund shall be used for the following purposes:
 8. To make reimbursements to local political subdivisions or volunteer fire departments which incurred expenses in performing services approved by the secretary in response to a declared emergency.
The language of the statutes is clear and does not include an allowance for reimbursement of the firefighters' services. The legislature could have included such language if that was their intention, but instead, it was left out.
Therefore, we conclude that while the reimbursement of expenses incurred by hazardous incidents is allowed, reimbursement for the services of volunteer fire fighters is not permitted.
Very truly yours,
 CHARLES C. FOTI, JR Attorney General
 By: ________________________ Deborah H. Baer Assistant Attorney General